# MARCH 6, 1935

JOHN EVANS V. THE STATE.

No. 17300.   Delivered March 6, 1935.

The opinion states the case.

*C. L. Dutton,* of Richmond, for appellant.

*Lloyd. W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ninety-nine years in the penitentiary.

Appellant shot and killed E. B. Newsome. Three bullet wounds were found in the body. Deceased with Rosetta Newsome, his sister, and two others were in a car on a public road, when they had a flat and stopped to fix it. Deceased was working on the tire when appellant in another car driven by R. L. Newsome, a brother of deceased, came up. Rosetta had been living with appellant for a number of years. He tried to persuade and then to force Rosetta out of the car in which she was, and to go with him. She refused, and finally threw a glass at him. He drew a pistol and fired at her, and then said he would kill them all, and began firing first at deceased and then at another of the party named Meyers. From the State's standpoint, deceased was doing nothing to give appellant any offense or cause him to shoot him. Appellant's reputation was shown by a number of witnesses to be bad. All parties were negroes.

Appellant told a lengthy story of his relations with Rosetta and her treatment of him, and also that deceased had taken money belonging to him, and of his finding the party in the road with the car, and of his approach and effort to argue with Rosetta. He said she threw a glass at him, and that deceased attacked him with an automobile pump, and called to the others to help him kill appellant, at which juncture appellant says

Meyers ran up with a claw-hammer, and that he, appellant, then began shooting in self-defense. Appellant offered no other eye-witnesses to the killing.

The testimony supports the verdict and judgment, and we find no bills of exception in the record. Appellant's counsel reserved lengthy exceptions to the court's charge, but asked no special charges. We have carefully gone over the charge of the court and regard it as a clear and correct presentation of the law applicable to the facts, and are of opinion that same was not subject to any of the exceptions mentioned. We see no good to come from setting out said exceptions, which are twenty-three in number and cover some nine pages of the transcript, and call in question practically every paragraph of the court's charge. A discussion of these exceptions would needlessly extend this opinion, and as far as we can see would be of no value whatever.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*